UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IN RE CF, LLC as operator and pro hac vice owner of the M/V LISA ANN | : | DOCKET NO. 2:19-cv-0154 |
| | : | UNASSIGNED DISTRICT JUDGE |
| | : | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by claimants Durward and Penny LeBleu, relating to the complaint for exoneration or limitation of liability filed by CF, LLC. Doc. 4. CF opposes the motion. Doc. 11. Claimant LeBlanc Marine, LLC has also filed a memorandum supporting CF's arguments in opposition. Doc. 16.

I.
BACKGROUND

This matter relates to an alleged accident involving the M/V LISA ANN on or about October 10, 2017. Doc. 1, ¶ 6. On that date the vessel was transporting Durward LeBleu, an employee of Sitech LA, LLC, to a vessel located at a remote work site in Cameron Parish, Louisiana. *Id.* The vessel allegedly struck an underwater obstruction and ran up onto the bank, causing injuries to LeBleu. *Id.* LeBleu and his wife, Penny, filed suit in the 38th Judicial District Court, Cameron Parish, Louisiana, against CF; Leblanc Marine, LLC; Patriot Construction and Equipment, LLC; and Grant Guidry, an individual. Doc. 4, att. 2. They asserted that the accident was caused by Guidry's negligence in operating the vessel and that either LeBlanc, Patriot, and/or CF is his employer and therefore vicariously liable for that negligence. *Id.* at p. 2, ¶¶ 5, 7. They

also maintain that the vessel was owned by LeBlanc, Patriot, and/or CF, and that one or more of these parties is liable for failing to insure the vessel's seaworthiness and provide a reasonably trained operator. *Id.* at p. 2, ¶ 6.

CF answered the complaint, in relevant part, by issuing a general denial to these allegations. Doc. 4, att. 3, p. 2, ¶¶ 6–7. It then filed the instant action in this court on February 7, 2019, asserting that it is the operator and pro hac vice owner[1] of the M/V LISA ANN. Doc. 1. Here CF raises claims for exoneration and limitation of liability under the Limitation Act, 46 U.S.C. § 30501, as well as an admiralty and maritime claim under the meaning of Federal Rule of Civil Procedure 9(h).[2] *Id.* Accordingly, it asserts federal subject matter jurisdiction through the court's original jurisdiction over admiralty and maritime claims, 28 U.S.C. § 1333. *Id.*

The LeBleus now move to dismiss the suit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that CF failed to plead facts necessary to support its claim of pro hac vice ownership of the vessel and that the court therefore lacks subject matter jurisdiction over its claims. CF maintains that its potential liability as Guidry's employer, a status to which it "freely admits" in its opposition to this motion, and its alleged bareboat charter agreement with LeBlanc Marine provide the necessary support for its jurisdictional assertions. Doc. 11, pp. 4–5.

## II.
## LAW & APPLICATION

The LeBleus are attempting to invalidate CF's claim of subject matter jurisdiction by first attacking the sufficiency of the complaint under Rule 12(b)(6) and then, after effectively using that

---

[1] As the Fifth Circuit explains, the term "pro hac vice owner" relates to a demise charter of a vessel. *Forrester v. Ocean Marine Indem. Co.*, 11 F.3d 1213, 1215 (5th Cir. 1993). In a demise charter, also known as a "bareboat charter," the vessel owner transfers full possession and control to the charterer, who then supplies the crew and maintenance for the vessel. *Id.* Accordingly, the demise charterer is considered the owner pro hac vice of the vessel and is personally liable for claims based on negligence of the crew or unseaworthiness of the vessel. *Id.*

[2] With its complaint CF also filed motion for bond, restraining order, and issuance of notice to claimants, which the court granted. Docs. 1, 2.

motion to strike factual allegations supporting the claim of jurisdiction, moving for dismissal based on a lack of jurisdiction. As CF notes, however, the court's jurisdiction arises from admiralty jurisdiction rather than the Limitation Act. *Guillory v. Outboard Motor Corp.*, 956 F.2d 114, 115 (5th Cir. 1992). To invoke admiralty jurisdiction, a party is only required to show that the alleged incident occurred on navigable waters and bears "a significant relationship to traditional maritime activity." *Exec. Jet Aviation, Inc. v. City of Cleveland*, 93 S.Ct. 493, 504 (1972). The LeBleus do not present any argument to invalidate this court's subject matter jurisdiction under 28 U.S.C. § 1333. Instead, they attempt to show that CF cannot assert a claim under the Limitation Act because it has not shown that it is owner of the M/V LISA ANN. Accordingly, the motion is properly construed under Rule 12(b)(6). Because the motion relies on discovery from the state court case and CF also relies on evidence outside of the complaint in its opposition, the court construes the motion as one for summary judgment under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(d); *Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 153 (5th Cir. 1965).

      CF argues that summary judgment is premature, given that discovery has just begun and no depositions have been taken. Accordingly, it requests that consideration of the motion be stayed under Federal Rule of Civil Procedure 56(d). The court agrees that the LeBleus' factual challenge to CF's ownership status is premature. Rather than leave the matter pending, however, it will recommend that the Motion to Dismiss be denied, without prejudice to the LeBleus' right to assert their claim through a motion for summary judgment. To this end we note that nothing in our February 12, 2019, order restraining prosecution of claims against CF [doc. 2] prevents either party from engaging in the discovery necessary to establish or challenge vessel ownership for the purposes of litigating this limitation action.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 4] be **DENIED**, without prejudice to any party's ability to present these claims through a Motion for Summary Judgment.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of April, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE