UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IN RE CF, LLC as operator and pro hac vice owner of the M/V LISA ANN | : | DOCKET NO. 2:19-cv-0154 |
| | : | UNASSIGNED DISTRICT JUDGE |
| | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) by claimants Durward and Penny LeBleu, relating to the claims filed in this matter by LeBlanc Marine, LLC. Doc. 21. LeBlanc Marine opposes the motion. Doc. 27. The matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

## I.
### BACKGROUND

This matter relates to an alleged accident involving the M/V LISA ANN on or about October 10, 2017. Doc. 1, ¶ 6. On that date the vessel was transporting Durward LeBleu, an employee of Sitech LA, LLC, to a vessel located at a remote work site in Cameron Parish, Louisiana. *Id.* The vessel allegedly struck an underwater obstruction and ran up onto the bank, causing injuries to LeBleu. *Id.* LeBleu and his wife, Penny, filed suit in the 38th Judicial District Court, Cameron Parish, Louisiana, against CF; Leblanc Marine; Patriot Construction and Equipment, LLC; and Grant Guidry, an individual. Doc. 4, att. 2. They asserted that the accident was caused by Guidry's negligence in operating the vessel and that either LeBlanc, Patriot, and/or CF is his employer and therefore vicariously liable for that negligence. *Id.* at p. 2, ¶¶ 5, 7. They

also maintain that the vessel was owned by LeBlanc, Patriot, and/or CF, and that one or more of these parties is liable for failing to insure the vessel's seaworthiness and provide a reasonably trained operator. *Id.* at p. 2, ¶ 6.

LeBlanc Marine was served with a copy of the state court petition on August 15, 2018, and answered same on September 27, 2018. Doc. 21, atts. 2 & 3. In its answer it asserted "the benefits and protections of" the Limitation of Liability Act ("Limitation Act"), 46 U.S.C. § 30501 *et seq.*, as its thirteenth defense. Doc. 21, att. 3, p. 4. CF filed the instant action in this court on February 7, 2019, asserting that it is the operator and pro hac vice owner[1] of the M/V LISA ANN. Doc. 1. CF raises claims for exoneration and limitation of liability under the Limitation Act, as well as an admiralty and maritime claim under the meaning of Federal Rule of Civil Procedure 9(h).[2] *Id.* LeBlanc Marine filed an answer and admiralty claim on April 2, 2019, in which it also invoked the Limitation Act's protection as record owner of the vessel. Doc. 14. The LeBleus now move to dismiss LeBlanc Marine's claim for lack of jurisdiction, asserting that LeBlanc Marine failed to timely invoke the Limitation Act. Doc. 21, att. 4. LeBlanc Marine opposes the motion. Doc. 27. The LeBleus have not filed a reply and their time for doing so has passed.

## II.
## LAW & APPLICATION

### A. Rule 12(b)(1) Standards

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction.

---

[1] As the Fifth Circuit explains, the term "pro hac vice owner" relates to a demise charter of a vessel. *Forrester v. Ocean Marine Indem. Co.*, 11 F.3d 1213, 1215 (5th Cir. 1993). In a demise charter, also known as a "bareboat charter," the vessel owner transfers full possession and control to the charterer, who then supplies the crew and maintenance for the vessel. *Id.* Accordingly, the demise charterer is considered the owner pro hac vice of the vessel and is personally liable for claims based on negligence of the crew or unseaworthiness of the vessel. *Id.*

[2] With its complaint CF also filed motion for bond, restraining order, and issuance of notice to claimants, which the court granted. Docs. 1, 2.

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015).

The court is not required to show such deference when resolving factual attacks, however. "On a factual attack of subject matter jurisdiction, a court's power to make findings of fact and to weigh the evidence depends on whether the . . . attack . . . also implicates the merits of plaintiff's cause of action." *Taylor v. Dam*, 244 F.Supp.2d 747, 753 (S.D. Tex. 2003) (quoting *Garcia*, 104 F.3d at 1261). Where the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's case,

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* at 753–54 (quoting *Garcia*, 104 F.3d at 1261).

### B.  *Jurisdiction under the Limitation Act*

A challenge to a claimant's invocation of the Limitation Act is properly construed as a challenge to the court's subject matter jurisdiction. *In re Eckstein Marine Svc. LLC*, 672 F.3d 310, 315–16 (5th Cir. 2012). The Limitation Act allows a shipowner to limit its liability for damages

arising out of a maritime accident involving its vessel to the value of the vessel and its pending freight. 46 U.S.C. § 30505(a). This right can be asserted either by petitioning the district court for limitation of liability or by pleading limitation of liability as a defense "in an answer filed in any court, including a state court." *Vatican Shrimp Co., Inc. v. Solis*, 820 F.2d 674, 677 (5th Cir. 1987). A limitation action must be filed within six months of the claimant giving written notice to the shipowner of his claim. *Signal Oil & Gas Co. v. Barge W-701*, 654 F.2d 1164, 1173 (5th Cir. 1981) (citing 46 U.S.C. app. § 185, now codified at 46 U.S.C. § 30511(a)). This requirement is jurisdictional. *In re RLB Contracting, Inc.*, 773 F.3d 596, 602 (5th Cir. 2014).

The LeBleus move to dismiss this matter because LeBlanc Marine's answer in this action was filed over six months after it received notice of potential liability through the LeBleus' complaint. Doc. 21, att. 4, p. 1. However, LeBlanc Marine first invoked the Limitation Act's protection in its answer to the state court complaint, filed well within six months of the asserted notice. Additionally, the six month time limit does not apply when the shipowner raises his limitation claim as a defense. *Barge W-701*, 654 F.2d at 1173. Accordingly, the timeliness of LeBlanc Marine's assertion of a limitation defense has no bearing on this court's subject matter jurisdiction.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 21] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 28th day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE