# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

IN RE: C F, L L C                      CASE NO. 2:19-CV-00154

                                                       JUDGE JAMES D. CAIN, JR.

                                                       MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Rec. 50) wherein Defendant, LeBlanc Marine, LLC ("LeBlanc") moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. LeBlanc, as Cross-Defendant, maintains that there is no basis for any fault and/or liability attributable to it, and thus, it should be dismissed.

## FACTUAL STATEMENT

At the time of the incident involved in this suit, CF, LLC, ("CF") Claimant/Defendant, and LeBlanc Marine were working together on a levee construction project (the ""Project") in the coastal waters of Louisiana in Cameron Parish. Each entity supplied personnel and equipment but worked as separate and distinct entities at all times.[1] For purposes of this lawsuit, each entity provided crew boats that were used on the Project.[2]

---

[1] Defendant's *in globo* exhibit A, pp 20: 20-23, 23:2-18, 38:9-23.
[2] Id. p. 25:2-11.

Claimant-Cross-Claimant, Durward LeBleu, had sold GPS equipment that had been installed aboard some of the heavy equipment used on the Project.[3] Mr. LeBleu had to be transported by boat to the jobsite where the heavy equipment and GPS device were located.[4] The LISA ANN was typically operated only by Mr. Guidry or his supervisor;[5] Mr. Guidry was a competent and experienced vessel operator.[6] LeBlanc did not employ Mr. Guidry or his supervisor. LeBlanc had no personnel aboard the LISA ANN at the time of the incident.

On October 10, 2017, while Mr. LeBleu was on board the LISA ANN, Mr. Guidry, was driving the LISA ANN from the Project site to the dock when he was distracted by a fallen tap measure. The distraction caused Mr. Guidry to take his eyes off of his course and steer the boat toward the bank. The LISA ANN hit an underwater obstruction causing the LISA ANN to run up onto the bank.[7] The collision with the bank of the canal threw Mr. LeBleu across the cab of the boat allegedly causing him to suffer injuries.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

---

[3] Defendant's *in globo* exhibit B, p. 12:1-11, p. 13:22-25 through 14:1-15.
[4] Defendant's exhibit A, p. 22:24-25; exhibit C, p. 26:3-4.
[5] Defendant's exhibit A, p. 35:24-36; exhibit D, p. 41:24-25.
[6] Defendant's C, p. 60:10-25, p. 62:1-5; Exhibit D, p. 57:7-25, p. 58:1-5.
[7] Rec. 1, ¶ 6.

The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

LeBlanc maintains that it should be dismissed because neither the LeBleu claimants nor CF can produce evidence of fault by LeBlanc. The LeBleu claimants and CF maintain that there is a factual dispute as to whether the LISA ANN was in proper operational condition at the time of the accident, and whether that condition was a factor in the accident

3

which injured Mr. LeBleu. LeBleu and CF rely on Louisiana Revised Statute 34:851.18. As argued by LeBlanc, the state statute is pre-empted by the federal general maritime law. See *In Re Hartman,* 2010 WL 1529488 (D.N.J.2010); see also *Matter of Rockaway Jet Ski, LLC,* 2016 WL 8861617 (E.D. NY 2016).

In their attempt to create a genuine issue of fact for trial, LeBleu and CF rely on the deposition testimony of Durward LeBleu who testified that the LISA ANN "rattled" and was not in general good condition.[8] LeBleu and CF argue that the rattling caused the tape measure to fall which caused the accident. They further assert that the parties' expert reports are not due until March 16, 2020 and March 30, 2020, respectively. Thus, they maintain that summary judgment regarding LeBlanc's alleged negligence is premature at this time.

The Court disagrees; we find that Mr. LeBleu's deposition testimony fails to create a genuine issue of material fact for trial. Mr. LeBleu testified that the vessel "rattled" and that he overheard a worker say that the vessel pulled to the left. However, Mr. LeBleu also testified that he was not 100% sure, nor could he recall who said that the vessel pulled to the left.[9] The Court finds that Mr. LeBleu's comments as to what he might have heard a worker say is hearsay and not admissible summary judgment evidence. Significantly, Mr. LeBleu also testified that the vessel had no "mechanical problems or issues ... that related to [the] accident."[10]

---

[8] Defendant's exhibit E, Durward LeBleu depo., p. 81:8-20.
[9] Id. p. 81:12-20.
[10] Id. p. 81:4-7.

Regarding Mr. LeBleu's testimony that the vessel "rattled," the Court finds that this does not create a genuine issue of fact for trial as to the cause of the accident. The "existence and scope of a duty" depends on the "foreseeability of the harm suffered by the complaining party." *In re Great Lakes Dredge & Dock Co., LLC,* 624 F.3d 201, 211 (5th Cir. 2010) (quoting *Consolidated Aluminum Corp. v. C.F. Bean Corp.,* 833 F.2d 65, 67 (5th Cir. 1987)). The duty to use reasonable care is "owed only with respect to the interest that is foreseeably jeopardized" by the alleged conduct. *Great Lakes Dredge,* 624 F.3d at 211. A harm is "considered a foreseeable consequence of an act or omission 'if harm of a general sort to persons of a general class might have been anticipated by a reasonably thoughtful person, as a probable result of the act of omissions, considering the interplay of natural forces and likely human intervention.'" *Id.*

In this case, even if the vessel "rattled", it is hardly foreseeable that a tape measure would be strategically placed on the vessel, and said rattling would cause that tape measure to fall, which would cause the operator of the vessel to be distracted, and further cause him to take his eyes off course, steer to the left, hit an underwater obstruction and/or mud fault, resulting in and injury to a passenger. The Court finds that this series of events is not foreseeable. In other words, the harm was too attenuated from the alleged cause to be legally foreseeable. Therefore, LeBlanc and/or CF had failed to meet their burden of establishing negligence by LeBlanc.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice Durward and Penny LeBleu and CF, LLC's claims against LeBlanc Marine, LLC.

**THUS DONE AND SIGNED** in Chambers, on this 18th day of March, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**